**James W. CHANEY, Plaintiff,**

v.

**Jerry McBRIDE, et al., Defendants.**

**Civil Action No. 3:13–cv–02246–AKK.**

United States District Court,
N.D. Alabama,
Northwestern Division.

March 3, 2014.

Frank B. Potts, Potts & Young LLP, Florence, AL, Rex W. Slate, Guin, Stokes & Evans, LLC, Birmingham, AL, for Plaintiff.

David D. Ayliffe, Tricia Lynn Roelofs, Tennessee Valley Authority, Knoxville, TN, Kile T. Turner, William H. McKenzie, IV, Norman Wood Kendrick & Turner, Birmingham, AL, for Defendants.

### *ORDER*

ABDUL K. KALLON, District Judge.

James W. Chaney, Jr., brings this personal injury action against Jerry McBride, the Tennessee Valley Authority ("TVA"), and G.UB.MK Constructors. Doc. 1 at 1. Chaney contends that a vehicle driven by McBride collided with him while he bicycled near Wilson Dam, *id.* at 8, and that TVA and G.UB.MK are vicariously liable to him for McBride's negligence and/or wantonness, *id.* at 11–13. McBride and TVA move to dismiss Chaney's claim against McBride pursuant to the exclusivity provision of 16 U.S.C. § 831c–2. Doc. 13 at 1. The motion is fully briefed, docs. 14, 15, 19, and 21, and ripe for review. For the reasons stated more fully below, McBride and TVA's motion is due to be **GRANTED.**

### *I. Standard of Review*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citations and internal quotation marks omitted). "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S.Ct. 1955).

■ Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Bell Atl. Corp.*, 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

## II. Factual Background

On the morning of June 26, 2012, Chaney was bicycling near Wilson Dam as part of a training regimen for a triathalon when a vehicle driven by McBride struck Chaney. Doc. 1 at 8. Chaney suffered serious injuries as a result of the collision, including a permanent, debilitating left shoulder injury. *Id.* at 9. At the time of the collision, Chaney worked as an emergency medical technician for Helen Keller Hospital, and was also a flight medic in the United States Air Force Reserve. *Id.* Unfortunately, due to his shoulder injury, Chaney can no longer perform the necessary duties for either of those occupations. *Id.*

Chaney contends that at the time of the accident, "McBride was acting as an agent and/or employee and/or servant" of both TVA and G.UB.MK. Doc. 1 at 11, 12. TVA certifies that at the time of the accident, McBride was a TVA employee and was acting within the scope of his employment. Doc. 14 at 1. Neither TVA nor McBride contests Chaney's contention that McBride was also employed by G.UB.MK and acting within the scope of that employment at the time of the accident.

## III. Analysis

■ Per 16 U.S.C. § 831c–2(a)(1), if an individual, like Chaney, suffers a personal injury due to the fault of a TVA employee acting within the scope of his employment, the injured person's remedy is a suit against TVA, not the TVA employee. Consequently, TVA and McBride contend that Chaney's claim against McBride is expressly precluded by statute.[1] While Chaney concedes that "McBride is due to be dismissed as to the allegations asserted against TVA, pursuant to § 831c–2," doc. 19 at 2, he argues that "McBride is not due to be dismissed outright from this action [because a]t the time of the accident made the basis of this lawsuit, McBride was also an employee of [G.UB.MK] and was working within the line and scope of his employment with [G.UB.MK]. Therefore,

---

1. Pursuant to § 831c–2(a)(1), it is common practice in this circuit and court to dismiss TVA employee defendants from nonconstitutional tort actions based on acts or omissions that occurred within the scope of their employment. *See Heathcoat v. Potts*, 905 F.2d 367, 371 (11th Cir.1990); *Springer v. Bryant*, 897 F.2d 1085, 1087–88 (11th Cir.1990); *N. Ala. Elec. Coop. v. Tenn. Valley Auth.*, No. 5:10–cv–03252–CLS, Mem. Op, & Order (N.D.Ala. Sept. 28, 2011); *Hill v. Tenn. Valley Auth.*, 842 F.Supp. 1413, 1417–20 (N.D.Ala. 1993).

McBride remains in the action for the claims asserted against him as an employee of [G.UB.MK]." Because the parties agree that McBride should be dismissed as to Chaney's claims against TVA, the sole issue for the court to resolve is whether Chaney is correct that a legal basis exists for retaining McBride as a defendant as to Chaney's claims against G.UB.MK.

■ In support of his contention, Chaney seems to argue that Alabama's special employment doctrine dictates that McBride remain a defendant to this suit as to Chaney's claims against G.UB.MK. *See* doc. 19 at 6–9. Chaney's reliance on Alabama's special employment doctrine, however, is misplaced because it is only relevant to actions in which a plaintiff with multiple employers seeks to recover for injuries sustained in the course of his employment under Alabama's Worker's Compensation Act. *See Tweedy v. Tenn. Valley Auth.*, 882 F.2d 477, 479 (11th Cir.1989) (explaining that while "Alabama law, like that of other states, stipulates that when an employee covered by the [Alabama Worker's Compensation] Act suffers from an injury in an on-the-job accident, benefits under the Act are the exclusive remedy available against the employer, and that the Act bars the employee from maintaining a tort action against the employer to recover for damages resulting from the accident[,] Alabama courts have extended the 'exclusive remedy' provision of the Act

to include 'special employers'—individuals or businesses who, for practical purposes, may be considered primary or co-employers of the injured employee"). At the time of the collision, none of the defendants employed Chaney, nor is his legal claim based on the Alabama Workers' Compensation Act. Consequently Alabama's special employment doctrine is irrelevant to his claims.

Chaney's remaining argument is simply that McBride was employed by both TVA[2] and G.UB.MK, and that is reason enough for McBride to remain a defendant as to Chaney's claims against G.UB.MK. *See* doc. 19 at 10–13. This argument also is unavailing and runs counter to the exclusivity provision of § 831c–2, which states that "[a]n action against the [TVA] for injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [TVA] while acting within the scope of this office or employment is ex[c]lusive of any other civil action or proceeding by reason of the same subject matter against the employee . . . whose act or omission gave rise to the claim." § 831c–2(a)(1). To reiterate the point, § 831c–2 adds that *"[a]ny other civil action arising out of or relating to the same subject matter against the employee or his estate is precluded."* *Id.* (emphasis added). All of Chaney's claims arise out of the same subject matter: his collision with

---

**2.** Chaney appears to attempt to insert some distance between McBride and his TVA employment by stating that "[t]hough TVA now claims McBride as its employee, it did not do so at the time of the accident made the basis of this lawsuit," doc. 19 at 9, and positing that "[a]pparently, TVA gets to pick and choose when to 'certify' a [G.UB.MK] employee as a TVA employee," *id.* n. 4. Chaney's basis for these assertions is that TVA's accident report identified McBride as a G.UB.MK employee rather than as a TVA employee. *Id.* at 10. This is a futile effort because Chaney's complaint states that at the time of the acci-

dent, "McBride was acting as an agent and/or employee and/or servant of co-defendant, TVA." Doc. 1 at 12. In addition, by conceding that "McBride is due to be dismissed as to the allegations asserted against TVA, pursuant to 16 U.S.C. § 831c–2," doc. 19 at 2, Chaney implicitly concedes that McBride was a TVA employee because in order for a claim against a defendant to be dismissed pursuant to § 831c–2, a defendant must be an "employee of the [TVA] . . . acting within the scope of []his office or employment . . . [when his] act or omission gave rise to the claim," § 831c–2(a)(1).

the vehicle driven by McBride. In other words, even if the court were to determine (which it does not) that Chaney's claim against McBride could somehow be subdivided into a claim against McBride as to TVA and a claim against McBride as to G.UB.MK, Chaney's claim against McBride as to G.UB.MK still would be based on the collision. Consequently, § 831c–2(a)(1) would preclude it because it would be based on the precise set of facts giving rise to Chaney's suit against TVA stemming from McBride's actions. Put simply, the plain language of § 831c–2 dictates that the court reach the same conclusion as other courts faced with similar situations involving dual employment and dismiss McBride from this case. *See e.g.,*[3] *Palmer v. Flaggman,* 93 F.3d 196, 204–05 (5th Cir.1996) (granting Westfall Act immunity to a federal employee who was acting both within the scope of his federal employment and within the scope of his employment with a private hospital); *Lackro v. Kao,* 748 F.Supp.2d 445, 452 n. 4 (E.D.Pa.2010) (stating that "[u]nder the plain terms of the FTCA, Dr. Kao is shielded from liability to Plaintiffs even if Dr. Kao was also the agent of another principal"); *Aldridge v. Hartford Hosp.,* 969 F.Supp. 816, 821 (D.Conn.1996) (granting Westfall Act immunity to a federal

employee because he was acting within the scope of his federal employment, even though he also might have been the agent of a private hospital).

For the reasons stated above, Chaney's claim against McBride, count I of the complaint, is **DISMISSED.**

---

**3.** These courts dismissed federal employee defendants based on § 5 of the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA" or the "Westfall Act"), Pub. L. No. 100–694, 102 Stat. 4563 (codified at 28 U.S.C. § 2679(b)). "FELRTCA creates a statutory mechanism which immunizes federal employees from personal liability for common law torts committed within the scope of their employment by transforming cases against individual employees into actions against the federal government which become subject to the limitations of the Federal Tort Claims Act ('FTCA') *Hill,* 842 F.Supp. at 1417 (citing 28 U.S.C. § 1346(b); 2671–80; *Springer v. Bryant,* 897 F.2d 1085, 1087 (11th Cir.1990)). "Since TVA employees are not covered by the FTCA, section nine of FELRTCA, 16 U.S.C.

§ 831c–2[ ], was added in order to protect TVA employees by requiring the substitution of TVA for an employee named as a party defendant who is certified or proven to be acting within the scope of his or her employment at the time the alleged incident occurred." *Id.* (citing *Springer,* 897 F.2d at 1087). "Both the plain language and legislative history of § 9 indicate that the provision was intended to give TVA employees the *same* degree of immunity as § 5 gives other Government employees." *United States v. Smith,* 499 U.S. 160, 169, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) (emphasis in original) (citing 28 U.S.C. § 2679(1); 16 U.S.C. § 831c–2(a)(1); 134 Cong. Rec. 31054 (1988) (remarks of Sen. Heflin)).